NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO VELARDE OSUNA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-2788<br><br>Agency No.<br>A215-927-187<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2025
Honolulu, Hawaii

Before: S.R. THOMAS, BRESS, and DE ALBA, Circuit Judges.

Ricardo Velarde Osuna (Velarde), a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal from an Immigration Judge (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). "We review the denial of asylum, withholding of removal[,] and CAT

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id*. We dismiss in part and deny in part the petition for review.

1. We lack jurisdiction to review Velarde's factual challenge to the agency's refusal to allow his untimely asylum application. Velarde did not file his asylum application within one year of arriving in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Under 8 U.S.C. § 1158(a)(2)(D), however, an untimely asylum application "may be considered" if the noncitizen "demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay." But § 1158(a)(3) provides that "[n]o court shall have jurisdiction to review any determination of the Attorney General under" § 1158(a)(2). Although 8 U.S.C. § 1252(a)(2)(D) restores jurisdiction over "constitutional claims or questions of law," which include "mixed questions of fact and law," *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam), it does not restore jurisdiction over an agency "determination that 'rests on the IJ's resolution of an underlying factual dispute.'" *Alquijay v. Garland*, 40 F.4th 1099, 1102 (9th Cir. 2022) (quoting *Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013)).

The agency concluded that Velarde's untimely asylum application was not excused under 8 U.S.C. § 1158(a)(2)(D) because he failed to file within a "reasonable period" of any changed or extraordinary circumstances. *See* 8 C.F.R. §§ 1208.4(a)(4)(ii), 1208.4(a)(5). The agency based this determination on its finding that Velarde learned of the underlying changed or extraordinary circumstances—the attack on his brother—in June 2018, fifteen months before he sought asylum. Before us, Velarde argues that he only became aware of the attack in June 2019. Because Velarde contests the agency's "resolution of an underlying factual dispute," *Sumolang*, 723 F.3d at 1082, we lack jurisdiction to entertain this challenge and dismiss the petition as to Velarde's asylum claim.[1]

2. Substantial evidence supports the denial of withholding of removal. To be eligible for withholding, Velarde must show "that it is more likely than not" that he will be persecuted if removed "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 & n.5, 360 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(A)). To meet his burden, Velarde must show nexus, meaning that a protected ground was "a reason" for his past or

---

[1] We therefore do not reach the government's argument that our decision in *Ramadan*, which allows review of mixed questions of law and fact in § 1158(a)(2)(D) changed or extraordinary circumstances determinations, *see* 479 F.3d at 650, is clearly irreconcilable with the Supreme Court's intervening decision in *Wilkinson v. Garland*, 601 U.S. 209 (2024).

feared harm. *Barajas-Romero*, 846 F.3d at 360.

Velarde has not experienced past persecution in Mexico, and the record does not compel the conclusion that he has established a likelihood of future persecution based on a protected ground. The record supports the agency's conclusion that Velarde's fears of future harm are based on general criminality in Mexico, which does not serve as a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

3. Substantial evidence also supports the denial of CAT relief. An applicant for CAT relief "bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The petitioner must demonstrate that he "will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). Although Velarde points to various country reports and other evidence suggesting poor conditions in Mexico, the record does not compel the conclusion that Velarde faces a likelihood of torture if returned there. *See id.* ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture.").

**PETITION DISMISSED IN PART AND DENIED IN PART.**[2]

---

[2] Velarde's motion to stay removal, Dkt. 5, is denied. The temporary stay of removal shall remain in place until the mandate issues.

23-2788